UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

00-6082
CIV-ZLOCH
MAGISTRATE JUDGE
SORRENTINO

JEAN H. BELIZAIRE,
Petitioner,

vs.,                              Case No: 97-6139-CR-Zloch

UNITED STATES OF AMERICA,
Respondent.

---

**MEMORANDUM OF LAW
IN SUPPORT OF PETITIONER'S
TITLE 28 U.S.C. SECTION 2255**

---

As a matter of introduction, Petitioner Jean H. Belizaire, respectfully submits that the events which transpired in the instant case constitutes a denial of Petitioner's Due Process Rights as guaranteed by the 5th Amendment of the United States Constitution, and by the 6th Amendment. In short, the Petitioner asked for his said conviction to be set aside and/or corrected, or in the alternative a new trial based on ineffective assistance which has occurred at trial and sentencing.

Further such failings are not merely procedural, but substantially inhinge upon Petitioner's constitutional right to Due Process.

## STATEMENT OF ISSUES

Petitioner respectfully request that his Court adjudicate the following issues of law to wit:

I.  Ineffective assistance of counsel for inducing a a plea by Petitioner based on the Government's promise to file a Rule 35 on behalf of Petitioner based on substantial assistance and truthful cooperation.

II. Whether counsel failed to hold the Court in proving a preponderance that drug amount exceeded 75.5 grams.

## I. INEFFECTIVE OF COUNSEL

It is well established that in order for a Petitioner to prevail on a claim of ineffective assistance of counsel, the Supreme Court, pursuant to Strickland v Washington, set fourth a two prong test, both of which must be met. See Id at 687-97, 104 S.Ct. at 2064-69.

>  (1) Counsel representation fell below an objective standard of reasonableness.
>
>  (2) That counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceedings.
>  Id. at 466 U.S. at 688 (1984).

Petitioner contends that he can readily satisfy both prongs being that counsel mislead Petitioner into entering a plea based on promises of a reduction of sentence based upon Petitioner fully and truthfully disclosing his involvement, and others in criminal activities in violation of both State and Federal law. Counsel had Petitioner meet with Agents Brian Scott and Medley for debriefing purposes. After being informed as to what they were interested in knowing Petitioner gave complete and total truthful testimony that incompassed not only the instant offense, but also other ongoing investigations. Whether or not the Government actually made other promises to counsel, beside Petitioner getting a reduction is outside the scope of his knowledge. The fact that Petitioner was assured that a Rule 35 motion would be filed on his behalf after the initial debriefing, this in fact was the main reason for entering the plea.

The core concerns of Rule 11 of the Fed. R. Crim. Proc. (1) Whether the defendant's guilty plea was the result of coercion or

-5-

threats; (2) Whether the defendant understood the nature of the charges against him, and (3) Whether the defendant understood the consequences of his plea.

In the instant case, Petitioner was coerced into entering the said plea under the pretense of a reduced sentence. Under <u>United States v. Nahodil</u>, 36 F.3d 323 (3rd Cir. 1994); citing <u>Hill v. Lockhart</u>, standard, see supra at 326, the quality of advice that Petitioner's counsel gave him during the plea, determines the voluntariness of his guilty plea. The record at this stage does not disclose what that advice was. It does impart, however, show that the plea was made based upon a belief of a motion for a downward departure being filed upon Petitioner's behalf. Petitioner contends that that prejudiced resulted from counsel failure to Petitioner's disclosures with the two Agents had been reached and not just assumed. Prejudice result from ineffective assistance of counsel at a plea hearing if there was a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty, but instead, would have insisted on proceeding to trial. See <u>Hill v. Lockhart</u>, 474 U.S. at 59, 106 S.Ct. at 370.

Wherefore Petitioner requested that his petition for relief be granted based upon counsel's failure to properly advise Petitioner of the nature of his plea.

### II. WHETHER COUNSEL FAILED TO HOLD THE GOVERNMENT TO PROVING BY A PREPONDERENCE THAT PETITIONER'S DRUG AMOUNT EXCEEDED 75.5 GRAMS

Petitioner contends that the Government attributed 75.5 grams based on direct sale and approximate seizure of drugs in Petitioners possession at the time of his arrest. The Guideline for 21 U.S.C.

§ 841(a)(1) is found in § 2D1.1 of the Guidelines. That section provides involving 50 and 150 grams of cocaine base has a base level of 32. According to the Government's estimates the defendant is assessed 75.5 grams.

At sentencing counsel failed to have the government to submit how it came up with that amount, or to even hold the Government to prove how much the "twelve-ten packs" found in Petitioner's vehicle actually weighed before being used to determine the drug amount.

The Petitioner contends that counsel should have raised at sentencing that the PSI made erroneous findings of fact as to the amount of drugs attributed to the Petitioner. The standard for determining the amount of drugs attributed to a defendant is that for the purpose of computing sentence, it must be supported by a preponderance of the evidence. U.S. v. Morsley, 64 F.3d 907 (4th Cir. 1995); U.S. v. Vaandering, 50 F.3d 696 (9th Cir. 1995).

Moreover, sentencing court should make explicit findings as to drug quantities attributed to defendant and should set fourth those findings in written sentencing memorandum. See Nichols v. U.S., 75 F.3d 1137 (7th Cir. 1996); U.S. v. Hyppolite, 65 F.3d 1151 (4th Cir. 1995).

Petitioner finally contends that absent proof of the drug weight being proven beyond a preponderance, and counsel failing to object or raise this issue at sentencing he was ineffective, thus denying Petitioner Due Process.

## CERTIFICATE OF SERVICE

I certify that a copy of the Foregoing has been furnished to all interested parties via U.S. Mail and that all informations contained herein is both true and correct to the best of my ability.

### INTERESTED PARTIES

AUSA David P. Cora
500 E. Broward Blvd.
7th Floor
Ft. Lauderdale, Fla 33301

Clerk of Court
U.S. District Court
Southern District of Florida
299 East Broward Blvd
Ft. Lauderdale 33301

*Belizaire Jean*
Jean H. Belizaire
Reg #: 54439-004
P.O. Box 599
Estill, S.C. 29918

I, Jean H. Belizaire did appear before _____ a notary public for the State of S.C., and state under the penalty of perjury that all information herein is true and subject to the penalty of perjury.

*Belizaire Jean*
Jean H. Belizaire
Reg #: 54439-004
P.O. Box 599
Estill, S.C. 29918

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JEAN H. BELIZAIRE
    Petitioner,

v                                           Case No: 97-6139-Cr-Zloch

UNITED STATES OF AMERICA
    Respondent,
_____/

SWORN AFFIDAVIT

    I Jean H. Belizaire, states that the following information is both true and correct and subject to the penalty of perjury. Also, I did appear before _____, Notary Public for the State of South Carolina, and states the following:

    (1) I met with Agents Medley and Brian Scott for debriefing on illegal activities in the Ft. Lauderdale area. Counsel was present during this briefing.

    (2) Petitioner was told by the Agents that they were interested in several individuals and that if Petitioner provided substantial assistance, the Government would try and have Petitioner's sentence reduced, but the final word was with the Court.

    (3) Petitioner's Counsel said that the Agent's would recommend as much as 50% reduction being that they were happy with Petitioner's disclosures.

    (4) While I was being debriefed, I told the Agent's about my supplier, and his right hand man. My supplier was one, Jean Roberts, who was a major supplier in the Ft. Lauderdale

-9-

area and his partner Gilbert Flevrinor, who acted as a Lieutenant in the organization. Also I gave information concerning illegal dealings of Ulby Joseph who was a member of this drug ring.

(5) Furthermore, I was questioned about an individual called "fish" who owns a restaurant in the Ft. Lauderdale area, and his partner Joe (LNU) both whom committed home invasions of a home at Sunset Apartments on 31st Avenue Ft. Lauderdale, which resulted in the shooting of two men, of which both died.

(6) I also told them about a murder that was committed at 502 N.W. 16 street where two guys were shot, and one died. The one that dies was named, Clement Thymete, and the other one was Boutint Therril.

(7) The murder took place at my mom's house, so I gave a full disclosure concerning this incident. Also, the Agent's verified this information to be very helpful.

(8) Recently, Petitioner's wife was summoned to testify concerning "Patrick's" involvement in the murder, but Petitioner was never contacted.

WHEREFORE, Petitioner submists that because of the following reasons stated herein, he is entitled to relief based on counsel's ineffectiveness.

Done this \_\_\_\_\_, day of January 2000.

Respectfully submitted,

Jean H. Belizaire
Reg. # 54439-004
F.C.I. Estill
P.O. Box 599
Estill, S.C. 29918-599