UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6082-CIV-ZLOCH/SORRENTINO
(97-6139-CR-ZLOCH)

JEAN BELIZAIRE,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.
_______________________________/

NIGHT BOX
FILED
APR
CLARENCE MADDOX
CLERK, USDC / SDFL

GOVERNMENT'S RESPONSE TO MOTION
TO VACATE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. §2255

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 as follows:

STATEMENT OF THE CASE

On October 23, 1997, a federal grand jury at Fort Lauderdale, Florida, returned an indictment charging movant with three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§841(a)(1) and 2 (CR-DE 1).

On October 27, 1998, movant changed his plea to guilty to Count III pursuant to a written plea agreement (CR-DE 39, 40, 42). On January 14, 1999, movant was sentenced to ten years' imprisonment, followed by five years' supervised release (CR-DE 48,



49).[1] Movant did not appeal.

On January 18, 2000, movant filed this §2255 motion (CV-DE 1, 3, 4). On February 1, 2000, Magistrate Judge Sorrentino ordered the government to respond to the motion on or before March 29, 2000 (CV-DE 6).

MEMORANDUM OF LAW

Movant claims that he received ineffective assistance of counsel with respect to his guilty plea and sentencing proceedings. However, movant's allegations are unsupported by the record in this case and must be denied.

I. INEFFECTIVE ASSISTANCE RE GUILTY PLEA

Movant asserts that counsel induced him to plead guilty by assuring him that a Rule 35 motion would be filed which would substantially reduce his sentence. The record contradicts movant's claims.

It is axiomatic that a guilty plea is not knowingly and voluntarily entered into if the defendant does not receive reasonably effective assistance of counsel in connection with the decision to plead guilty. McCoy v. Wainwright, supra, 804 F.2d at 1198. The Supreme Court has articulated a two-prong test for determining whether a litigant has been denied effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show "that counsel's representation fell below an objective standard of reasonableness", and, secondly, "that there

[1] Prior to sentencing, movant filed a pro se motion to withdraw his plea, which was denied (CR-DE 45, 47).

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694; Heath v. Jones, 863 F.2d 815, 821 (11th Cir. 1989) (per curiam). The Supreme Court held "that the two-prong Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985); see also Stano v. Dugger, 921 F.2d 1125, 1149-1150 (11th Cir.), cert. denied, 502 U.S. 835 (1991).

Under the first prong of the Strickland test, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Strickland v. Washington, supra, 466 U.S. at 688. In order to succeed on this basis, a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992); Stano v. Dugger, supra, 921 F.2d at 1149-50. A petitioner seeking to rebut this strong presumption of effectiveness bears a heavy burden. Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995). This circuit has held that "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial ..." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984) (per curiam). "To be entitled to collateral relief, the accused must prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." Downs-Morgan v. United States, 765 F.2d 1534, 1539 (11th Cir. 1985).

Moreover, success in establishing the first prong of the Strickland test does not guarantee relief. The Supreme Court clarified the "prejudice" component of the Strickland test with relation to guilty pleas: "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, supra, 474 U.S. at 59.

The record here establishes that movant's guilty plea was made voluntarily and was not the result of ineffective assistance of counsel. The government submits that the executed plea agreement and record of the plea proceeding constitute a sufficient factual background for resolution of movant's claim. United States v. Russell, 776 F.2d 955, 956 (11th Cir. 1988). Statements made at the time a plea was entered carry a strong presumption of veracity and form a "formidable barrier" in subsequent collateral proceedings. Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988); United States v. Hauring, 790 F.2d 1570, 1571 (11th Cir. 1986); Downs-Morgan v. United States, 765 F.2d 1534, 1541 n.14 (11th Cir. 1985). Unless there is evidence in the record which indicates that defense counsel created a false impression as to the plea agreement, a reviewing court must rely on the plea colloquy and the signed plea agreement for the proposition that the movant understood the agreement. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.10 (11th Cir. 1987).

The record is clear in this case that movant's plea was not

involuntary due to the alleged ineffective assistance of counsel. At the plea proceeding, this Court verified with movant that he and counsel had gone over the plea agreement paragraph by paragraph, that movant had understood the plea agreement and that he did not have any questions about the plea agreement (CR-DE 42, p. 25). Movant advised the Court that there were no other agreements or understandings between himself, his lawyer and the government which were not in the written plea agreement (CR-DE 42, p. 26). At that point, counsel for the government advised the Court of the following:

> MR. CORA: No, Judge, We have debriefed this man and we have talked - you know, we have talked about the possibility of a Rule 35 and things like that, 5K's -
>
> THE COURT: But that is not part of this plea agreement.
>
> MR. CORA: But that is not part of that plea agreement. That is about as far as it goes.
>
> THE COURT: All right. So there are no others then that are not contained in the written plea agreement, Mr. Cora?
>
> MR. CORA: The only other thing - No. I sent Mr. Berube a Kastigar letter where I told - I told him that I wouldn't use his statements against him at trial. He didn't sign it, but we have made that promise I wouldn't have done that. So that's it.
>
> THE COURT: All right.
>
> MR. CORA: I don't think they are part of this, though, but that's the whole nature of what we have talked about.
>
> MR. BERUBE: That's everything, your Honor.

(CR-DE 42, p. 26-27). Movant then stated that he understood

everything the Court had explained to him, that he did not have any questions, and that he did not need to discuss anything privately with counsel before his plea was accepted (CR-DE 42, p. 27-28).

Just prior to accepting the plea, this Court conducted the following inquiry of counsel for movant:

> THE COURT: And, sir, have you made any representations to your client that he is going to receive any type of sentence or that anything is going to happen solely because he is pleading guilty?
>
> MR. BERUBE: No, Your Honor.
>
> THE COURT: Plenty of hope but no guarantees or assurances?
>
> MR. BERUBE: No guarantees whatsoever.

(CR-DE 42, p. 29). Movant agreed that his counsel's representations were correct (CR-DE 42, p. 29).

Thus, the record is clear that movant was not pleading guilty with any misunderstanding that the government would file a Rule 35 motion which would substantially reduce his sentence. Indeed, as set forth above, the government advised the Court that there was in fact no agreement concerning substantial assistance, but only that the possibility of a substantial assistance motion had been discussed. Further, counsel for movant stated that he had not made any assurances or guarantees to movant about what his sentence would be. Moreover, movant's statements to the Court denying the existence of any promises or assurances, either from the government or counsel, other than those contained in the plea agreement or discussed in court further defeats his claim. Even now, movant

admits that the agents advised him that, if he provided substantial assistance, the government "would try and have Petitioner's sentence reduced, but the final word was with the Court" (CV-DE 3, Affidavit to movant's §2255 motion, para. 2). Clearly, movant understood that he was not guaranteed any reduction in his sentence pursuant to his guilty plea. Therefore, his plea was not involuntary due to the alleged ineffective assistance of counsel.

II. INEFFECTIVE ASSISTANCE AT SENTENCING

Movant also faults counsel for failing to require the government to prove the amount of cocaine attributable to him by a preponderance of the evidence. Movant's claim, as stated, is legally insufficient to merit relief. However, the government has noted that an error was made in calculating the statutory mandatory minimum sentence for the offense of conviction which might warrant relief.

To succeed on a claim of ineffective assistance of counsel at sentencing, movant must establish that: (1) his counsel's representation fell below an objective standard of reasonableness, and (2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). Thus, movant must show that counsel's performance fell below constitutional standards, and that he suffered prejudice as a result. Further, in order to establish the prejudice prong under Strickland in non-capital sentencing situations, a defendant must establish that there is a reasonable probability that, but for

counsel's errors, the defendant's sentence would have been significantly less harsh; i.e., that the prejudice must be appreciable and specific. Spriggs v. Collins, 993 F.2d 85 (5th Cir. 1993). See also, United States v. Seyfert, 67 F.3d 544, 548-549 (5th Cir. 1995); United States v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994). Accord, United States v. Kissick, 69 F.3d 1048, 1054-57 (10th Cir. 1995).

At the plea proceeding, movant stated he understood that this Court would have to sentence him to at least ten years' imprisonment (CR-DE 42, p. 21).[2] Movant further stated that the Court was required to take into account all of movant's illegal conduct, including the conduct alleged in the counts of the indictment which were to be dismissed (CR-DE 42, p. 21).

Prior to sentencing, counsel for movant sent the undersigned a letter indicating that he and movant had discussed the amount of narcotics he would be held accountable for, and requesting a copy of the relevant laboratory reports. A copy of the letter is attached hereto as Exhibit A. In response, the government provided counsel with the laboratory reports for the seizures made with respect to each count of the indictment, which totaled 75.5 grams of cocaine base. The laboratory reports are attached hereto as Exhibit B.

---

[2] As more particularly discussed herein, this information was incorrect.

The Pre-Sentence Investigation (PSI) report[3] calculated movant's base offense level at 32 based on the 75.5 grams of cocaine base involved in the offense. With adjustments for movant's acceptance of responsibility, his total offense level was 29 (PSI, p. 6-7). The PSI further reflected that movant had six criminal history points (PSI, p. 9). Therefore, movant's resulting guideline range was 108-135 months (PSI, p. 13). However, because all parties were operating under the incorrect assumption that the statutory mandatory minimum sentence was ten years, the guideline range was adjusted to 120-135 months (PSI, p. 13).

At sentencing, both movant and counsel stated that they had read and discussed the PSI, and that they had no objections (CR-DE 51, p. 2-3). The Court then sentenced movant to the bottom of the adjusted guideline range, or 120 months (CR-DE 51, p. 6-7).

The government submits that counsel was not ineffective for failing to challenge the amount of cocaine base attributable to movant under the Sentencing Guidelines. The laboratory reports (see Exhibit B) establish that the total amount of cocaine base seized from movant in this case was 75.5 grams. Pursuant to USSG, §1B1.3, movant's guideline range was properly calculated to include all the cocaine involved in the offense, including counts of the indictment which were subsequently dismissed. Therefore, because movant has not offered any evidence which would contradict the accuracy of the laboratory reports, his guideline sentence was

---

[3] The government will move to unseal the PSI report for purposes of this proceeding.

properly calculated and counsel had no reason to challenge the PSI on that basis.

However, the government has discovered that the statutory mandatory minimum sentence in this case should have been five years rather than ten years. Movant pled guilty to Count III of the indictment. The amount of cocaine base seized pursuant to that offense was 30.8 grams (Exhibit B-1; CR-DE 42, p. 15). Movant's statutory mandatory minimum sentence should have been based on that amount of cocaine. See United States v. Santos, 195 F.3d 549 (10th Cir. 1999). The mandatory minimum sentence for less than fifty grams, but more than five grams, of cocaine base is five years. See 21 U.S.C. §§841(b)(1)(A) and (B). Therefore, movant's guideline range should not have been adjusted to accommodate a ten-year mandatory minimum sentence. Movant's correct guideline range should have been 108-135 months as initially calculated by the PSI (PSI, P. 13).

The government submits that movant may have a viable claim of ineffective assistance of counsel at sentencing for counsel's failure to object to the adjusted guideline range on this basis. However, the government further respectfully submits that this Court would have to decide whether movant was prejudiced by counsel's failure to recognize this error. This Court sentenced movant to the bottom of the adjusted guideline range, which was believed to be the statutory mandatory minimum sentence of ten years. If this Court were to conclude, after a review of the case, that it would have sentenced movant to a lower sentence within the

correct guideline range of 108-135 months, then prejudice from counsel's error will be established. In that case, this Court should vacate movant's sentence and re-sentence him within the correct guideline range.

CONCLUSION

For the foregoing reasons, movant's claim of ineffective assistance of counsel with respect to his guilty plea should be denied. However, movant's claim of ineffective assistance of counsel at sentencing may merit relief if this Court finds that movant was prejudiced as a result of counsel's error.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: ______________________
DAVID P. CORA
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 471623
500 E. BROWARD BOULEVARD
FT. LAUDERDALE FL 33394
TEL. NO. (954) 356-7254
FAX NO. (954) 356-7336
E-MAIL: david.cora@justice.usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing response has been forwarded this 7th day of April, 2000, to: Jean Belizaire, Reg. No. 54439-004, Federal Correctional Institution - Estill, P.O. Box 599, Estill, South Carolina, 29918-0599.

DAVID P. CORA
ASSISTANT UNITED STATES ATTORNEY

**FEDERAL PUBLIC DEFENDER**
Southern District of Florida

KATHLEEN M. WILLIAMS
Federal Public Defender

**Office: Fort Lauderdale**

April 9, 1998

David Cora, Esq.
Assistant United States Attorney
299 East Broward Boulevard
Fort Lauderdale, Florida 33301

**Re: United States v. Jean Belizaire
Case No. 97-6139-CR-ZLOCH**

Dear Mr. Cora:

In regard to the above referenced case, I have spoken with my client about the amount of narcotics he is accused of having. I am in receipt of the government laboratory reports, however, due to the government logo on the document I cannot make out the amounts accurately. Would you please send me a legible reproduction or simply write me a letter stating where, when and the amount of cocaine seized. I believe we may be able to resolve this matter shortly thereafter.

If you have any questions, please contact my office at (954) 356-7436.

Sincerely,

ROBERT N. BERUBE
Supervisory Assistant
Federal Public Defender
Extension 109

RNB:ajp

**Miami**
150 West Flagler Street
Suite 1500
Miami, FL 33130-1555
Tel: (305) 536-6900
(305) FPD-HELP
Fax: (305) 530-7120

**Ft. Lauderdale**
101 Northeast Third Avenue
Suite 202
Ft. Lauderdale, FL 33301-1100
Tel: (954) 356-7436
Fax: (954) 356-7556

**West Palm Beach**
400 Australian Avenue North
Suite 300
West Palm Beach, FL 33401-5040
Tel: (561) 833-6288
Fax: (561) 833-0368

Exh. A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

*500 East Broward Boulevard*
*Fort Lauderdale, FL 33394*
*(954) 356-7255*

April 10, 1998

Robert N. Berube, Esq.
Assistant Federal Public Defender
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, FL 33301

RE: United States v. Belizaire
97-6139-CR-ZLOCH

Dear Mr. Berube:

Attached are legible copies of the lab reports, showing the amounts of cocaine base. I am sorry for any delay this may have caused you.

Sincerely,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

DAVID P. CORA
ASSISTANT UNITED STATES ATTORNEY

Exh. B

BROWARD COUNTY SHERIFF'S OFFICE
P.O. Box 9507
Ft. Lauderdale, FL 33310

Lab Number: 19555H.

CRIME LABORATORY ANALYSIS REPORT

To: Officer Turley
Fort Lauderdale Police Department
1300 W. Broward Boulevard
Fort Lauderdale, FL 33312

Date: 03/24/98
Agency Case# 97-153196

Defendant: JEAN BELAZAIRE

The evidence listed below was submitted to this laboratory:

1. Seven plastic bags containing suspect cocaine rocks.
2. Plastic bag containing suspect cocaine rocks.

Examinations conducted on the mentioned evidence revealed the presence of cocaine base in items #1 and #2 (18.0 grams and 12.8 grams net weights respectively).

The foregoing instrument was acknowledged before me this 26 day of Mar, 1998 by Mary V. Ferguson who is personally known to me and who did take an oath.

Diana M. Edwards
CC641792
STATE OF FLORIDA, COUNTY OF BROWARD

Respectfully submitted,

Mary V. Ferguson
Criminalist
Crime Laboratory

B-1

BROWARD COUNTY SHERIFF'S OFFICE
P.O. Box 9507
Ft. Lauderdale, FL 33310

Lab Number: 19556

CRIME LABORATORY ANALYSIS REPORT

To: Officer Turley
Fort Lauderdale Police Department
1300 W. Broward Boulevard
Fort Lauderdale, FL 33312

Date: 03/24/98
Agency Case# 97-146649

Defendant: JEAN BELAZAIRE

The evidence listed below was submitted to this laboratory:

1. Suspect cocaine rocks.
2. Envelope.
3. Twelve plastic bags containing suspect cocaine rocks.

Examinations conducted on the mentioned evidence revealed the presence of cocaine base in items #1 and #3 (16.4 grams and 28.3 grams net weights respectively).

The foregoing instrument was acknowledged before me this 20 day of Mar, 1998 by Mary V. Ferguson who is personally known to me and who did take an oath.

Diana M. Edwards
CC641792
STATE OF FLORIDA, COUNTY OF BROWARD

Respectfully submitted,

Mary V. Ferguson
Criminalist
Crime Laboratory

B-2