IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Jean H. Belizaire
    Petitioner,

v.

Unites States of America
    Respondent.

Case No.: 00-6082 Civ-ZLOCH/
    Sarentino
Crim. No.: 97-6139-CR-ZLOCH

---

### Motion For Downward Departure Based Upon Post Rehabilitative Efforts Pursuant §5K2.0

---

Comes Now, Jean H. Belizaire, pro se files this petition before this honorable court requesting that the present sentence be lowered based upon Post-Rehabilitative Efforts pursuant to Section 5K2.0 of the Sentencing Guidelines.

### Background

The Petitioner in the instant case was charged in a Three-Count indictment by a Grand Jury sitting in and for the Southern District of Florida, all in violation of Title 21 U.S.C. §841(a)(1).

On September 27, 1998 Petitioner plead guilty to count three of the indictment which charged Possession W/I to Distribute Cocaine, all in violation of 21 U.S.C. 841(a)(1).

Pursuant to a written plea agreement, all other counts were dismissed. Also the United States recommended a 3-level deduction pursuant to §3E1.1, based upon full disclosure to the probation

officer concerning offense.

## Post Rehabilitative Efforts

Petitioner is currently housed a F.C.I. Estill, in Estill, S.C. The arrival here at this institution has been a very productive experience for Petitioner. Instead of becoming just another number, and a liability for the Government and family members of the Petitioner, he has become active in self rehabilitation. In fact, Petitioner is either enrolled or awaiting placement in several programs that are offered at the institution and also correspondence with outside programs.

The courses of completion are as follows:

(1) Successful completion of Laubach Reading Book 2
"teaches reading skills and improves english proficiency requirements towards rehabilitative efforts. It is especially design for non-english proficient speaking people as myself."

(2) Budgeting Class
"teaches one how the properly manage money in today's financial environment. also how to manage money as a family structure and how to buy stock, shares, ect."

(3) Calisthenics II Class
"teaches how to improve the body, how to better diet, moreover the proper eating habits and why calisthenics are important in being a healthy person."

(4) Health Promotion and Disease Prevention
"A training program that teaches one about diseases and how the recognize the symptoms associated with each dieseas."

(5) Barber School
"A voluntary program in which Petitioner actively learns all aspects of being a professional barber. Moreover, being Petitioner plans on pursuing hair styling

>    as a career, this is a perfect opportunity
>    to learn by doing."
>
> **(6)** Anger Management
>    " A self taught study program where you
>    learn to control your emotions, therefore
>    channeling that energy into something
>    positive."
>
> **(7)** Bible Outreach Program
>    "A correspondence program where you promote
>    the teachings of the bible and other teach-
>    ings associated with being a Christian."

Petitioner is currently enrolled, or awaiting placement in:

>    **(1)** G.E.D. Classes
>    **(2)** C.D.L. Classes
>    **(3)** Pest Control Classes
>    **(4)** Drug Program

## Extraordinary Efforts

It is the contention of the Petitioner that questions of a departure pursuant §5K2.0 are governed by the analytical framework set out in **Koon**, 116 S. Ct. at 2045. **Koon** requires a multi-step inquiry. The **Koon** analysis pertinent to whether extraordinary effort a rehabilitation justify a departure can be summarized as follow:

>    **(1)** The court first decide whether extraordinary efforts
>    at rehabilitation potentially take the case outside the
>    "heartland."
>
>    **(2)** Next, the court decides whether the commission has
>    forbidden a departure based upon that factor.
>
>    **(3)** If so, a departure is not justified.
>
>    **(4)** If not, the court decides whether the commission has
>    encouraged departures based upon extraordinary efforts at
>    rehabilitation.
>
>    **(5)** If so, the court may depart based upon the encouraged
>    factor.
>
>    **(6)** If not, the court decides whether the commission has

3

> discouraged departure based upon that feature or has otherwise considered it in another guideline.
>
> (7) If so, the court should decide whether the factor is present to an exceptional degree or in some other way the factor makes the case different from the ordinary case where the factor is present Id.

Petitioner contends that his efforts at trying to rehabilitate during more than almost (3) years spent in prison potentially takes this case outside the "heartland." Since the commission has not prohibited departures based upon extraordinary post-offense rehabilitation. On the contrary, although not encouraged, extraordinary post-offense rehabilitation efforts have been held to justify departures. See eg. **United States v. Kapitzke**, 130 F. 820, 823-24 (8th Cir. 1997) (departure for extraordinary post-offense rehabilitation efforts in child pornography case was not an abuse of discretion). See also, **United States v. Simpson**, 7 F.3d 813, 819 (8th Cir. 1993) (recognizing that post-offense rehabilitation while not normally grounds for departure, may support departure in "extraordinary circumstances").

In fact, courts have concluded that extraordinary post-offense efforts at rehabilitation which take place after sentencing and while in prison may warrant a departure upon resentencing. **United v. Green**, 152 F.3d 1202, 1207-09 (9th Cir. 1998) (upon resentencing district court could consider extraordinary efforts at rehabilitation; holding that,

> "In a drug case, the district court provided a reasonable explanation for its eleven level downward departure for extraordinary efforts at rehabilitation."

**United States v. Rhodes**, 145 F.3d. 1375, 1381 DC Cir. 1998) (re-

4

versing and remanding for the district court to decide whether the defendant, who was to be resentenced for a drug offense, was entitled to a departure because he had taken every opportunity to improve himself during the six and a half years in prison; stating:

> "We know of know reason why sentencing courts' broad mandate under sections 3553(a) and 3661 to sentence defendants as they stand before the court - whether after plea bargaining, trial or appeal - should exclude consideration of post-conviction rehabilitation");

In the instant case, the Petitioner conceed that a resentencing is required based upon an erroneous calculation of a 10 year minimum mandatory guideline range, which should have been a 5 year minimum mandatory range, thus resentencing is required (See exhibit "A").

The Third Circuit, in **Sally**, addressed Post-Rehabilitative Efforts when faced with a resentencing issue by stating:

> "We hold that post-offense rehabilitation efforts including those that occur."

Post conviction may constitute a sufficient factor warranting a downward departure provided that the efforts are so exceptional as to remove the particular case from the heartland in which the acceptance of responsibility guideline was intended to apply") (Emphasis in original). Id at **Sally** 116 F.3d. 76, 80 (3rd Cir. 1997).

Moreover, even if the government was to argue that the court do not have the jurisdiction to entertain this motion, being that Petitioner §2255 motion is still pending in the district court, that assumption would by the government would be incorrect. Relying on the language in **United States v. Core**, 125 F.3d 74, 75 (2nd Cir. 1997) cert denied ___U.S.___, 118 S. Ct. 735, 139 L.ed. 2d 672 (1998) (reversing district court refusal to depart upon resentencing in

5

drug case; stating:

> "We find nothing in pertinent statues or the Sentencing Guidelines that prevents a a sentencing Judge from considering Post Conviction Rehabilitation in prison as a basis for departure, is resentencing becomes necessary."

Being that Petitioner has shown that the court has the discretion to reduce his present based upon Post-Rehabilitative Efforts while in prison, the question now is whether, the defendants efforts were extraordinary.

In order to be extraordinary the defendant must demonstrate and the court must fine that,

> "the defendant has achieved real gains in rehabilitating himself and changing his behavior." **Sally** 116 F.3d. at 82.

Petitioner further contends that these gains must "go far beyond what is required to qualify for the deduction under §3E1.1 Id **Core**, 125 F.3d at 78.

In the case at hard, Petitioner has over the past __3__ years sustained a commitment to employment, vocational growth through education and a personal growth through voluntary self help and religious outreach programs. Despite the fact that Petitioner was given ten years, he never became bitter or withdrawn, instead he has become proficient in English (Petitioner is of Hatian decent) before his present term of incarceration Petitioner spoke little english. Secondly, Petitioner has spent over 450 hours per month as a barber in the institution. Moreover he is a barber to over 1200 inmates, for a skills which takes approximatley 6 to 8 months to learn.

Furthermore, petitioner has or is presently taken more than 280 hours of vocational based programs to better prepare himself for the

6

real world once released. Being that petitioner has two daughters, and plans on having more kids, he's studying Stress and Anger Management also, Child Care and Family Outreach. This is a study that Petitioner personally is involved in starting that helps people of Haitian decent and is a totally voluntary program that teaches one to be a better Father to your kids and how to control your anger in an unfriendly enviorment. Petitioner obtains the literature through family and friends that are willing to send the literature here at the prison.

Once received, petitioner explains the importance of channeling anger, and the importance of having a family to support you once you are to return to society. Lastly, petitioner has become a devout christian, and follows the teachings of the Bible vehimently. Also, petitioner no longer smokes, drinks, nor uses any illegal substance even though they are sometimes readily available. Futhermore, from the beginning petitioner has shown remorse for his actions and has accepted responsibility for his actions for the instant offense.

In order to decide whether a defendants efforts at rehabilitation are extraordinary, as in the instant case, it is helpful to examine what other courts have considered extraordinary. For example, in **Green**, where the court departed 11-levels in a drug case , that departure was found not to be a abuse of discretion. **Green**, 152 at 1209. In the **Green** case, he had spent several years under supervision of the court while on probation he was resentenced. At resentencing, the District Court stressed that it received a "glowing letter" from a group with which the defendant provided community service. The letter reflected that **Green** had helped needy youth "above and beyond" what was normal,also **Green** stressed that he greatly benefited from

7

his works. The Government insisted **Green**, had did what he was required to do, the Court of Appeals felt otherwise. The Court of Appeals stressed:

> "While it was true that **Green** had been compliant, not everyone "achieves rehabilitation." <u>Id</u> at 1208.

The fact in **Green** were sufficient for the Court of Appeals to conclude that:

> "We find no abuse of discretion in the district determination in the instant case that **Green** rehabilitation was "highly successful" in kind or degree exceptional." <u>Id</u>.

Lastly, Petitioner has become a devoted Christian and follows the bible vehemently.

Petitioner no longer smokes, drinks, nor uses illegal substance, even though they are sometimes readily available to him. Furthermore Petitioner has from the beginning shown remorse for his past indiscretions, by accepting responsibility for my involvement in the instant offense. Furthermore, Petitioner Promises this court that Petitioner will not seek any illegal adventure and also try and be a better father to his daughters, as well as a role model for them and the community.

## Conclusion

Petitioner feels that he has been very active since he has been incarcerated. Instead of just wasting his time, he has been actively trying to better himself, he's currently earning his GED, and also learning a trade for which he plans on pursuing upon release.

8

Moreover, Petitioner has learned from his past, and plans to continue to teach young people about the pitfall, associated with drugs, and a person who has experienced the downside of it.

Wherefore based upon the facts presented is this petition for a downward departure, Petitioner respectfully request this honorable court to take the foregoing into its consideration upon resentencing.

**Respectfully Submitted**

*/s/ Jean H. Belizaire*
Jean H. Belizaire
Reg. #54439-004
P.O. Box 599
F.C.I. Estill
Estill, SC 29918

**Penalty of Perjury**

I, Jean H. Belizaire, state that all information contained herein is both true and correct and acknowledged to the best of my abilities and subject to the penalties of perjury.

*/s/ Jean H. Belizaire*
Jean H. Belizaire
Reg. #54439-004

# C E R T I F I C A T E   O F   S E R V I C E

I certify that a correct copy of the foregoing has been forwarded to all interested parties via first class, prepaid postage U.S. Mail Service.

**Parties of Interest**

Clerk of Court
U.S. District Court
Southern District of Florida

Asst. U.S. Attorney
Southern District Florida
99 N.E. 4th Street
Miami, Florida 33132

*Belyau Jean*
Jean H. Belizaire
Reg. #
P.O. Box 599
Estill F.C.I.
Estill, SC 29918

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6082-CIV-ZLOCH/SORRENTINO
(97-6139-CR-ZLOCH)

JEAN BELIZAIRE,

       Movant,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

GOVERNMENT'S MOTION TO ENLARGE TIME
WITHIN WHICH TO RESPOND TO MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO TITLE 28, U.S.C., SECTION 2255

    The United States of America, by and through its undersigned Assistant United States Attorney, hereby respectfully requests an enlargement of time of nine days, or until April 7, 2000, within which to file its response to movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255, and in support thereof states as follows:

    1. On January 18, 2000, movant filed the §2255 motion in this case. On February 1, 2000, Magistrate Judge Sorrentino ordered the government to respond to the motion on or before March 29, 2000.

    2. In reviewing the case, it appears that movant's sentencing guideline range was incorrectly calculated to reflect a statutory

Exh "A"

mandatory minimum of ten years. In fact, the undersigned believes that the statutory mandatory minimum for the offense of conviction was not ten years, but five years. Therefore, movant's guideline range should have been 108-135 months, rather than 120-135 months.[1]

3. The enlargement of time is requested for the purpose of having the office's Appellate Section review the facts of this case and provide an opinion as to the appropriate course of action to take at this point. Therefore, the request for enlargement is not being made for purposes of delay, but to ensure that the matter is properly resolved. The government also notes that this short delay will not prejudice movant because, even if movant is re-sentenced at the lowest end of the corrected guideline level, he would not be released at any time in the near future.

---

[1] The government notes that movant has not raised this issue. Instead, movant alleges that counsel was ineffective at sentencing for failing to challenge the amount of cocaine upon which his relevant conduct was based. However, in the process of examining movant's claim, the government noticed the discrepancy in the statutory mandatory minimum as set forth above.

WHEREFORE, the government respectfully requests an enlargement of time of nine days, or until April 7, 2000, within which to respond to movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: _____
DAVID P. CORA
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 471623
500 E. BROWARD BOULEVARD
FT. LAUDERDALE  FL  33394
TEL. NO. (954) 356-7254
FAX NO. (954) 356-7336
E-MAIL: david.cora@justice.usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing motion to enlarge has been forwarded this 29th day of March, 2000, to: Jean Belizaire, Reg. No. 54439-004, Federal Correctional Institution - Estill, P.O. Box 599, Estill, South Carolina, 29918-0599.

_____
DAVID P. CORA
ASSISTANT UNITED STATES ATTORNEY

# Achievement

★★★★★

In recognition of

## Jean Belizaire

is hereby presented with this certificate for successfully completing the Budgeting class. The recipient is entitled to all the rights and privileges associated with this achievement, and to full recognition of same.

February 3, 2000
*Susan Breland*, Parenting Instructor

*Karen Signal*, Parenting Coordinator

2000

# Certificate of Achievement

awarded to

**Jean Belizaire**

For successful completion of Laubach Reading Book 2

March 3, 2000

_Louis J. Causey_
Teacher



# Certificate of Achievement

This award presented to

## Jean Belizaire

for successful completion of the Calisthenics II Class given at FCI Estill from December 8, 1999 thru February 8, 2000.

February 17, 2000
W. Jinks, Recreation Specialist

Kenneth R. Jones, SOR

APRIL 17,2000

**RE: CASE NO:00-CV-ZLOCH/SORRENTINO**

**DEAR CLERK OF COURT,**

    I am requesting that the court excuse my neglect in not having explained to my counselor the procedures of filing a motion before the court. The motion in question is a "Post-conviction Rehabilitation motion,with exhibits attached. The court misconstrued this as an exhibit, and not a motion as intended by the petitioner. Furthermore, petitioner respectfully files this motion with the hopes the court will accept it as a "Post-conviction Rehabilitation motion pursuant to §5K2.0.. Petitioners is very sorry for inconveniencing the court. Also, petitioner has forwarded the U.S. Attorney the same letter of explanation in order to rectify this current situation.

                                                   Thank you,

                                        *[signature: Belizaire Jean]*
                                        JEAN H. BELIZAIRE
                                        REG#54439-004
                                        P.O. BOX 599
                                        F.C.I. ESTILL
                                        ESTILL,S.C.29918