UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6082-CIV-ZLOCH
(97-6139-CR-ZLOCH)
MAGISTRATE JUDGE SORRENTINO

JEAN BELIZAIRE,                :

    Movant,                :

v.                             :      REPORT OF
                                      MAGISTRATE JUDGE
UNITED STATES OF AMERICA,      :

    Respondent.            :
_____

FILED by ____ D.C.
MAG. SEC.
MAY 2 . 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

Jean Belizaire, a federal prisoner currently confined at the Federal Correctional Institution in Estill, South Carolina, has filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence imposed pursuant to a guilty plea in Case No. 97-6139-Cr-Zloch.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

For its consideration of this motion, the Court has the government's response to an order to show cause, the presentence investigation report, and the underlying criminal file.

Belizaire raises two claims in his motion to vacate as follow:

1. He received ineffective assistance of counsel when counsel induced him to enter a guilty plea based upon the government's promise to file a Fed.R.Crim.P. 35 motion based upon substantial assistance.

2. He received ineffective assistance of counsel when counsel failed to challenge the amount of drugs attributed to him.

He subsequently filed a motion for downward departure based upon post rehabilitative efforts pursuant to §5K2.0 in this civil case, and raised one additional claim as follows:

3. He is entitled to a downward departure based upon his efforts at postconviction rehabilitation pursuant to Koon v. United States, 518 U.S. 81 (1996).

The facts as revealed by the plea colloquy are as follow. On September 17, 1997, Officer Michael Monez conducted a traffic stop of the movant's car and observed a clear plastic bag of what he believed to be crack cocaine on the floorboard behind the driver's seat. After he received consent to search the car, the officer found seven bags of a substance which laboratory tests revealed to be eighteen grams of crack cocaine.

2

Fort Lauderdale police officers subsequently obtained consent to search the defendant's residence, and recovered an additional twelve grams of crack cocaine. The movant also confessed that the crack cocaine that had been recovered was a portion of 120 rocks of crack cocaine that he had purchased the night before he was stopped. (DE# 42 at 14-16).

Belizaire was charged by Indictment with three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §842. (DE# 1). He entered a guilty plea to Count Three, pursuant to a written plea agreement, and the remaining counts were dismissed at sentencing. (DE#s 39 and 40). The Court sentenced him to 120 months imprisonment, followed by five years of supervised release. (DE# 49). Belizaire did not prosecute an appeal. This timely motion to vacate was filed on January 12, 2000.

Belizaire alleges ineffective assistance of counsel in his first and second claims.

In order to prevail on a claim of ineffective assistance of counsel, the movant must establish that (1) his counsel's representation fell below an objective standard of reasonableness,

and (2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). Thus, the movant must show that his counsel's performance was below constitutional standards, and that he suffered prejudice as a result. A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Statements at the time of a plea colloquy are given a strong presumption of truth. Blackledge v. Allison, 431 U.S. 63 (1977). The subsequent presentation of conclusory allegations, unsupported by specifics, is subject to summary dismissal, as are contentions which in the face of the record are wholly incredible. Machibroda v. United States, 368 U.S. 487 (1962).

With respect to prejudice in the context of noncapital sentencing, the Court must determine whether there is a probability that, but for counsel's deficiency, the defendant's sentence would have been significantly less harsh. <u>Spriggs v. Collins</u>, 993 F.2d 85, 87 (5 Cir. 1993).

Belizaire first alleges that counsel mislead him into entering the plea based upon promises of a reduction in sentence if he provided substantial assistance. He asserts that he provided complete and truthful information based upon his belief that he would receive a reduction in his sentence, and that the substantial assistance agreement was the main reason for entering the guilty plea.

When Belizaire entered the guilty plea, the Court asked if the statement that the "plea agreement contain[ed] all of the agreements and understandings between [him] and the government" was a truthful statement. Belizaire acknowledged that it was; and that there were no other agreements or understandings between him, counsel, and any representative of the government that were not contained in the plea agreement. (DE# 42 at 26).

When the Court inquired of the government as to any other agreements or understandings between the government and the movant, the prosecutor requested to speak with defense counsel, and thereafter stated:

> No, judge. We have debriefed this man and we have talked - you know, we have talked about the possibility of a Rule 35 and things like that, 5 K's-
>
> * * *
>
> But that is not part of this plea agreement. That is about as far as it goes. (Id. at 26-27).

Thereafter, Belizaire acknowledged that he understood everything that the Court had explained, and that he had no questions about anything. He declined the opportunity to have a private discussion with counsel.

At the time of sentencing, defense counsel made the following statement to the Court.

> We are hoping to come back to this Court, Your Honor, with a potential Rule 35 issue, and we hold great hope that we will be here for that in the near future, Judge. (DE# 51 at 5).

The plea agreement signed by Belizaire (DE# 40), and his statements at the time of the plea colloquy reveal that there were no promises that there would be a Rule 35 motion if Belizaire entered the guilty plea. The Court gave Belizaire the opportunity to state whether additional agreements existed, and he stated that there were none. Belizaire's present assertion to the contrary is belied by the record. He is not entitled to relief on his first claim.

In his second claim, Belizaire alleges that counsel provided ineffective assistance at sentencing because he failed to challenge the amount of crack cocaine for which he was sentenced by requiring the government to prove the amount by a preponderance of the evidence.

The government has commendably responded that an error was made in calculating the statutory mandatory minimum sentence for the offense of conviction. The government explains that the statutory minimum should have been five years imprisonment, instead of ten years, because the offense to which Belizaire pleaded guilty only involved 30.8 grams of cocaine base. The government notes that the movant's guidelines range was 108-135 months imprisonment, but the bottom of the guidelines range was adjusted to 120 months

imprisonment due to the false impression that 120 months imprisonment was mandated because more than fifty grams of cocaine base was involved. Thus the government concedes that Belizaire is entitled to be resentenced.

In his third claim, Belizaire seeks a reduction in his sentence based upon his postconviction rehabilitation efforts.

Section 2255 provides four grounds upon which a change of sentence may be based: 1) that the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the Court was without jurisdiction to impose the sentence; 3) that the sentence was in excess of the maximum allowed by law; and 4) that the sentence is "otherwise subject to collateral attack." Hill v. United States, 368 U.S. 424 (1962). Sentences imposed within the statutory limits are insulated from §2255 review. Kett v. United States, 722 F.2d 687, 690 (11 Cir. 1984).

Belizaire is not entitled to relief upon this claim in this §2255 proceeding. If the Court accepts the recommendation that he be resentenced, his postconviction rehabilitation efforts may be raised at the resentencing hearing if he wishes.

It is therefore recommended that this motion to vacate sentence be granted to the extent that the movant should be resentenced based upon the actual amount of cocaine involved in the offense to which he pleaded guilty, and that the remaining claims be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: May 23, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc: Jean Belizaire, <u>Pro Se</u>
Reg. No. 54439-004
FCI - Estill
P. O. Box 599
Estill, SC 29918-0599

David P. Cora
Assistant United States Attorney
500 E. Broward Boulevard
Fort Lauderdale, FL 33394