UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEAN H. BELIZAIRE
    Petitioner,

v.     CASE NO:00-6082-CIV-ZLOCH
       (97-6139-CR-ZLOCH)

UNITED STATES OF AMERICA
    Respondent,

## PETITIONER OBJECTION TO THE
## MAGISTRATE REPORT AND RECCOMENDATION

**COMES NOW,** Petitioner JEAN H. BELIZAIRE, pro-se, files before this Honorable Court his objections to the Magistrate Report and Recommendation filed on the 23rd day of May 2000, requesting that petitioner §2255 be granted in part, concerning drug amount. Also denied in part concerning petitioner receiving a downward departure of sentence based upon substantial assistance rendered to the Government.

Petitioner objections concern only the one issue of the downward departure motion, and the inducement used in obtaining petitioner plea of guilt. In support of this issue, petitioner states as follows:

### INEFFECTIVE ASSISTANCE OF COUNSEL

The Petitioner raises this claim of sentencing counsel being ineffective for inducing him to plea based upon a promise of a Rule 35 being filed upon his behalf by the Government after petitioner provided substaintial assistance to the agents concerning illegal activities of other individuals involed in Federal and State Drug violations.

In order for petitioner to prevail on a claim of ineffective

1

assistance of counsel, he must meet the standard set fourth under Strickland v. Washington, 466 U.S. 668 (1984), of which both must be met; (1) Counsel representation fell below an objective standard of reasonableness; and, (2) but for the deficiency in representation, there is a probability that the results of the proceedings would have been different. Id.

Moreover, since the instant case involves a guilty plea the second prong would require "a Showing that there is a reasonable probability that but for cousel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.Id Hill v. Lockhart,474 U.S. 52 (1985).

Petitioner contends that the Magistrate report was incorrect in dismissing his claim of ineffective assistance of counsel in where counsel mislead the petitioner into a plea for which was based upon the false assumption that a motion for a downward departure would be filed by the government pursuant to Rule 35 of Fed. R. Crim. Proc. for the substantial assistance rendered on the part of the petitioner. The Magistrate states that there were in fact no other agreements made to petitioner, except those reflected by the record and the statements made by the pettioner at the sentencing hearing. Petitioner denies this fact, moreover there was a promise by the agents that they thought that my statements were true, and that they were very familiar with some of the things that I informed them about concerning individuals who were the real suppliers in this conspiracy. Counsel assured petitioner that the Government would infact file the said motion during discussions between petitioner and himself. In fact before sentencing petitioner was informed to only answer that he had not been promised anything, when in fact he was lied to by counsel concerning this issue.

The truth of the matter is that after petitioner questioned counsel about the statements where the Agents stated they were very happy about the information that Petitioner had given, and assured petitioner that this would be passed on to the U.S. Attorney concerning my knowledge of individuals involved in not only drugs, but robbery, home invasion, and possibly Homocide. Furthermore, when one of the individuals who was named as the supplier in the instant case, was supposed to be arrested he died during the investigation, and this is the only reason petitioner can contemplate in being the reason for no Rule 35 being filed in the instant case. Had petitioner fully understood the Court's reasoning in questioning him as to was there any promises made during sentencing, petitioner would have answered in the affirmative.

Petitioner had no idea that he was being mislead into a plea that was based on a promise that counsel knew that he could not deliver, and being that the government had only one-year to file for the Rule 35, it is petitioner's belief that they had no intention whatsoever in filing this information on my behalf before the one-year time period elapsed, and because counsel was aware of this fact, he was ineffective for inducing a plea on false pretenses.

Wherefore based upon the facts alleged herein, and in the original pleadings petitioner respectfully request that relief be granted for counsel deficient representation at sentencing, or in the alternative grant an evidentiary hearing so that issues at dispute can be settle as the court finds proper and just.

Respectfully,

*Belizaire Jean*
JEAN H. BELIZAIRE

**CERTIFICATE OF SERVICE**

    I **CERTIFY,** that a true and correct copy of the foregoing has been furnished to all parties of interest and that all statements are both true and correct and subject to the penalties of perjury.

```
ASST. U.S. ATTORNEY
SOUTHERN DISTRICT OF FLORIDA
99 N.E. 4th STREET
MIAMI FL. 33132

CLERK OF COURT
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
301 N. MIAMI AVE, RM. 150
MIAMI FLORIDA  33128-7788
```

*Belizaire Jean*
JEAN H. BELIZAIRE
REG#54239-004
P.O. BOX 599
F.C.I. ESTILL
ESTILL, S.C. 29918

### CERTIFICATE OF SERVICE

I **CERTIFY,** that a true and correct copy of the foregoing has been furnished to all parties of interest and that all statements are both true and correct and subject to the penalties of perjury.

ASST. U.S. ATTORNEY
SOUTHERN DISTRICT OF FLORIDA
99 N.E. 4th STREET
MIAMI FL. 33132

CLERK OF COURT
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
301 N. MIAMI AVE, RM. 150
MIAMI FLORIDA  33128-7788

*Belzaire Jean*
JEAN H. BELIZAIRE
REG#54739-004
P.O. BOX 599
F.C.I. ESTILL
ESTILL,S.C.29918